IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DERRICK CHAMBERS, | § | |
|     Plaintiff | § | |
| | § | No. 1:11-CV-117 |
| v. | § | |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     Defendant | § | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be affirmed. The court has considered the report and recommendation filed on August 15, 2012 (Docket 22) and the Plaintiff's objections (Docket No. 23). The magistrate judge recommends affirming the Commissioner's decision to deny benefits. After careful consideration, the Court **ACCEPTS** the magistrate judge's recommendation and **AFFIRMS** the Commissioner's denial of benefits.

The Plaintiff objects to the legal standards applied in making his disability determination, arguing that "because the ALJ did not grant controlling weight to the treating psychiatrist's Mental RFC opinions, he had to weigh Dr. Fermo's opinions using the factors set forth in 20 C.F.R. § 404.1527(c)," which he failed to do. Docket 23, pg. 5.

The Plaintiff argues that multiple legal authorities impose a duty on the ALJ to clearly state in his decision specific reasons for rejecting the medical opinion of the claimant's treating

1

physician. Chambers is correct in stating that ordinarily, a treating physician's opinion on the issues of the nature and severity of impairment is entitled to controlling weight, provided that the opinion is well supported by medical evidence and not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(c)(1)(2012). However, "[w]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." Newton v. Apfel, 209 F.3d 448, 455–56 (5th Cir. 2000) (citation omitted); see also Martinez v. Chater, 64 F.3d 172, 176 (5th Cir. 1995) (in determining whether to give a treating physician's opinion controlling weight, the ALJ must look to whether the opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence'" (quoting 20 C.F.R. § 404.1527(d)(2))).

The ALJ is entitled to determine the credibility of all witnesses, including medical experts, and weigh their opinions accordingly. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir.1994); Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985). "[A]lthough the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir. 1987) (quotation omitted). The factors relevant to the weight to give physician opinions are: (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by

the medical evidence of record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. 20 C.F.R. § 404.1527(c)(2) (2012).

In his decision, the ALJ specifically stated that he considered the opinion evidence in accordance with 20 C.F.R. 1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. (Tr. 27.) He also cites to the specific evidence relied on when determining the Plaintiff's mental RFC (evidence that contradicts Dr. Fermo's findings), and provides an extensive summary and discussion of the Plaintiff's medical evidence.

The Fifth Circuit has held that absent reliable medical evidence from a treating or examining physician controverting a social security disability claimant's treating specialist, an ALJ may only reject the opinion of the treating physician if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in the regulation that governs the weight to be given a treating physician's testimony. Newton v. Apfel, 209 F.3d 448 (5th Cir. 2000). However, the regulations do not require the ALJ to explicitly discuss each of the factors if the ALJ engages in a detailed discussion of the evidence and there are inconsistencies between the physician's opinion and the record. Ward v. Barnhart, 192 F.App'x 305, 308-09 (5th Cir. 2006); see also Hammond v. Barnhart, 124 Fed.Appx. 847, 851 (5th Cir. 2005) (holding that while the ALJ was required to consider the 20 C.F.R. § 404.1527 factors in evaluating the medical opinions of the state agency medical consultants, "there is no statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence he takes into account in making his findings.")

In a recent unpublished Fifth Circuit case, the Court found that the ALJ adequately explained why he gave little weight to the treating physician's opinion. Rollins v. Astrue, 464 Fed.Appx. 353, 359 (5th Cir. 2012). Although the Court conceded that the ALJ's opinion was "not written out as plainly as it could have been," he "provided reasons for rejecting the doctor's opinion." Id. at 356. Ultimately, the Court held that the plain implication of the regulation requires that where there is reliable medical evidence from a treating or examining physician that controverts the claimant's physician, the detailed inquiry of each factor in § 404.1527(c)(2) is unnecessary. Id. at 358 (5th Cir. 2012).

Plaintiff cites *Beasley v. Barnhart* to support his argument that the ALJ was required to consider all of the § 404.1527 factors before rejecting a treating source opinion. Beasley v. Barhart, 191 Fed. Appx. 331 (5th Cir. 2006). However, in *Beasley*, there was no countervailing medical evidence from a treating or examining source that supported the ALJ's residual functional capacity determination. Id.; see also Bernard v. Astrue, CIV.A. 07-1080, 2008 WL 2549036 (W.D. La. June 23, 2008).

In the current case, consulting examining physician Dr. Lehman provided reliable medical evidence that controverts Dr. Fermo's opinions. After reviewing all the evidence in this case, the ALJ determined that Dr. Fermo's statements are inconsistent with other reliable medical evidence. This Court finds that, because Dr. Fermo's opinion is inconsistent with other reliable medical evidence, it was within the administrative law judge's discretion not to explicitly evaluate Dr. Fermo's opinion evidence using the six factor test outlined in the regulations.[1]

---

[1] On review, the court does not "reweigh the evidence, but . . . only scrutinize[s] the record to determine whether it contains substantial evidence to support the Commissioner's decision." Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995); see Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). In making this determination, the court must weigh the following four factors: the objective medical facts; the diagnoses and opinions from treating physicians on subsidiary questions of fact; the Plaintiff's own testimony about pain; and the Plaintiff's educational background, work history, and present age. See Wren v. Sullivan, 925 F.2d 123, 126 (5th Cir. 1991).

Moreover, despite the Plaintiff's assertion to the contrary, any error in the ALJ's failure to walk explicitly through each factor in § 404.1527(c)(2) was harmless, further supporting that remand is unnecessary. Rollins v. Astrue, 464 F. App'x 353, 358 (5th Cir. 2012). "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988). Although not expressly stated, the medical record evidence satisfies five of the six factors enumerated under 404.1527(c)(2): length of treatment, frequency of examination, nature and extent and treatment relationship, support of the physician's opinion afforded by the medical evidence, and the consistency of the opinion with the record as a whole. Rollins, 464 F. App'x at 358. The only factor not in the record is whether Dr. Fermo has a relevant specialty for evaluating the Plaintiff's alleged mental impairments, although even if he did, a specialist's opinion still cannot trump contrary medical evidence. Id. at 358 (citing Newton, 209 F.3d at 453). Thus, the ALJ saw all the evidence he was required to consider under § 404.1527, and is unlikely to change his mind to look at it again. Rollins, 464 F. App'x at 358. Therefore, remand is inappropriate because the Plaintiff's substantive rights were not affected.

Accordingly, the Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **17** day of **September, 2012.**

_____
Ron Clark, United States District Judge